# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 18, 2012       Decided December 14, 2012

No. 11-5322

MARILYN VANN, ET AL.,
APPELLANTS

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:03-cv-01711)

*Alvin Dunn* argued the cause for appellants. With him on the briefs were *Jack McKay*, *Thomas G. Allen*, *Cynthia Cook Robertson*, and *Jonathan Velie*.

*Ethan G. Shenkman*, Attorney, U.S. Department of Justice, argued the cause for Federal Appellees. On the brief were *William B. Lazarus*, *Aaron P. Avila*, and *Kurt G. Kastorf*, Attorneys.

*Jonathan P. Guy* argued the cause for appellees Cherokee Nation, et al. With him on the brief were *Mark S. Davies* and *Christopher M. O'Connell*.

Before: TATEL, GARLAND, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Before the Civil War, members of the Cherokee Nation had slaves. Those slaves were freed in 1866 pursuant to a treaty negotiated between the United States and the Cherokee Nation. The Treaty guaranteed the former Cherokee slaves and their descendants – known as the Freedmen – "all the rights of native Cherokees" in perpetuity. *See* Treaty with the Cherokee, art. 9, July 19, 1866, 14 Stat. 799. Those rights included the right to tribal membership and the right to vote in tribal elections.

At some point, the Cherokee Nation decided that the Freedmen were no longer members of the tribe and could no longer vote in tribal elections. A group of Freedmen eventually sued in the U.S. District Court for the District of Columbia, claiming that the Cherokee Nation had violated the 1866 Treaty.

Because the Cherokee Nation is a sovereign entity, it is entitled to sovereign immunity and may not be sued without its consent. *See Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991); *Vann v. Kempthorne*, 534 F.3d 741, 746 (D.C. Cir. 2008). To avoid the sovereign immunity bar, the Freedmen plaintiffs sued not only the Cherokee Nation itself but also the relevant executive official, the Principal Chief, in his official capacity. Under Supreme Court precedent, that is the standard approach by which a party may obtain declaratory or injunctive relief with respect to a sovereign entity notwithstanding sovereign immunity. *See Ex parte Young*,

209 U.S. 123 (1908); *see also, e.g.*, *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949); *Shields v. Utah Idaho Central Railroad Co.*, 305 U.S. 177 (1938).

In opposition to the suit, the Cherokee Nation pointed out that it was entitled to sovereign immunity, but also that it was a required party to the suit under Federal Rule of Civil Procedure 19 and that the Principal Chief could not adequately represent the Cherokee Nation's interests.[1] Therefore, according to the Cherokee Nation, the suit had to be dismissed.

The District Court agreed with the Cherokee Nation. The District Court concluded that the Cherokee Nation was a required party for purposes of Rule 19, that the Cherokee Nation's interests could not be adequately represented by the Principal Chief, and that the case could not go forward. *See Vann v. Salazar*, 2011 WL 4953030, at *3-6, 9 (D.D.C. 2011).

---

[1] Federal Rule of Civil Procedure 19 provides in relevant part:
(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
   (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
      (A) in that person's absence, the court cannot accord complete relief among existing parties; or
      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
         (i) as a practical matter impair or impede the person's ability to protect the interest; or
         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

We reverse. Applying the precedents that permit suits against government officials in their official capacities, we conclude that this suit may proceed against the Principal Chief in his official capacity, without the Cherokee Nation itself as a party.

The Freedmen have sued the Principal Chief in his official capacity under the doctrine of *Ex parte Young*, 209 U.S. 123. The *Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their official capacities – notwithstanding the sovereign immunity possessed by the government itself. The *Ex parte Young* doctrine applies to Indian tribes as well. *Cf. Oklahoma Tax Commission*, 498 U.S. at 514; *see generally Larson*, 337 U.S. at 689-92; RICHARD H. FALLON, JR., DANIEL J. MELTZER & DAVID L. SHAPIRO, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 958-60 (5th ed. 2003).

The *Ex parte Young* doctrine is based on a "fiction" – namely, that "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011); *see Larson*, 337 U.S. 682; *Davis v. Gray*, 83 U.S. 203 (1872); *Osborn v. Bank of United States*, 22 U.S. 738 (1824); FALLON ET AL., THE FEDERAL COURTS AND THE FEDERAL SYSTEM 958-60. The doctrine is called a fiction because the suit in effect binds the government entity just as would a suit against the government entity itself. In such suits, the government in question stands behind the official "as the real party in interest." *Davis*, 83 U.S. at 220. Indeed, an injunction entered against an officer in his official capacity is binding on the officer's successors. *See* Fed. R. Civ. P. 65(d); *Acheson v. Albert*, 195 F.2d 573, 576 n.9 (D.C. Cir. 1952) ("The judgment entered in the present case would no

doubt be *res judicata* on the law and facts as against the Secretary's successors in office."); 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2956 (2d. ed. 1995) ("A decree binding a public official generally is valid against that official's successors in office.").

As a practical matter, therefore, the Cherokee Nation and the Principal Chief in his official capacity are one and the same in an *Ex parte Young* suit for declaratory and injunctive relief. As a result, the Principal Chief can adequately represent the Cherokee Nation in this suit, meaning that the Cherokee Nation itself is not a required party for purposes of Rule 19. By contrast, if we accepted the Cherokee Nation's position, official-action suits against government officials would have to be routinely dismissed, at least absent some statutory exception to Rule 19, because the government entity in question would be a required party yet would be immune from suit and so could not be joined. But that is not how the *Ex parte Young* doctrine and Rule 19 case law has developed.

Nor is there any basis for distinguishing this case involving an American Indian tribe from a run-of-the-mill *Ex parte Young* action. Here, the named defendant – the Principal Chief – is the head of the executive branch of the Cherokee Nation. *See* CHEROKEE CONST., art. VII, § 1 ("The executive power shall be vested in a Principal Chief…."); *id.* art. VII, § 9 ("The Principal Chief shall cause the laws of the Cherokee Nation to be faithfully executed, and shall conduct in person" all "communications and business of the Cherokee Nation."). The claim here is that the Principal Chief – and through him, the sovereign tribe – is violating federal law. The defense is that the Principal Chief – and hence the sovereign tribe – is not violating federal law. This case presents a typical *Ex parte Young* scenario.

Our analysis is consistent, moreover, with the precedents of other courts of appeals. In line with the basic *Ex parte Young* principles, the Ninth Circuit and Tenth Circuit have similarly concluded that a tribe is not a required party under Rule 19 in suits naming a tribal official in his official capacity. In *Salt River Project Agricultural Improvement and Power District v. Lee*, the Ninth Circuit ruled that Navajo officials responsible for enforcing a challenged tribal law "adequately represent the Navajo Nation's interests." 672 F.3d 1176, 1180 (9th Cir. 2012). The court added that there was "no suggestion that the officials' attempt to enforce the statute here is antithetical to the tribe's interests" and "no reason to believe the Navajo official defendants cannot or will not make any reasonable argument that the tribe would make if it were a party." *Id.* at 1180. In *Kansas v. United States*, the Tenth Circuit reached a similar conclusion, noting that "the potential for prejudice to the Miami Tribe is largely nonexistent due to the presence in this suit of" the "tribal officials." 249 F.3d 1213, 1227 (10th Cir. 2001).

In light of our disposition, we need not reach the Freedmen's argument that the Cherokee Nation waived its sovereign immunity by filing a related suit in Oklahoma. We reverse the judgment of the District Court and remand for further proceedings consistent with this opinion.

*So ordered.*